IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned October 18, 2011

**STEPHEN W. MENCER v. DAVID V. LEE**

**Appeal from the Circuit Court for Maury County**
**No. 13252      Jim T. Hamilton, Judge**

**No. M2011-01821-COA-R3-CV - Filed October 24, 2011**

The plaintiff in this automobile accident case has filed a notice of appeal from an order entered on July 26, 2011, granting him a judgment in the amount of $250,000. Because the trial court has set aside the judgment and set the case for a jury trial, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Stephen W. Mencer, Spring Hill, Tennessee, Pro Se.

David V. Lee, Lewisburg, Tennessee, Pro Se.

**MEMORANDUM OPINION**[1]

The plaintiff, Stephen W. Mencer, was involved in an automobile accident in Maury County on March 7, 2009. On February 22, 2010, Mr. Mencer filed a complaint alleging that a vehicle driven by the defendant, David V. Lee, crossed into Mr. Mencer's

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

lane and caused a collision resulting in severe injuries to Mr. Mencer. Mr. Mencer obtained service on both his uninsured motorist carrier and Mr. Lee. Mr. Mencer subsequently settled his claims against the uninsured motorist carrier, and his counsel received permission to withdraw. Mr. Mencer then filed a pro se motion to set the case for trial, and the trial court set the case for July 26, 2011. Mr. Lee did not appear at the trial, and the trial court entered a judgment against Mr. Lee in the amount of $250,000 on July 26, 2011. However, on August 23, 2011, the trial court granted Mr. Lee's oral motion to set aside the judgment and set the case for a jury trial on September 15, 2011.[2] The following day, Mr. Mencer filed a notice of appeal from the "final judgment" entered on July 26, 2011.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a).

The record on appeal was filed with the clerk of this court on October 5, 2011. Upon review of the record, this court determined that the order appealed did not appear to be final and ordered Mr. Mencer to show cause why the appeal should not be dismissed. Mr. Mencer's response asserts numerous errors in the trial court, but concedes the July 26, 2011 order he appealed has been set aside. Because the order has been set aside, it is not subject to an appeal as of right. To the extent Mr. Mencer seeks to appeal the August 23, 2011 order setting aside the judgment, that order is not final because it does not dispose of Mr. Mencer's claims against Mr. Lee but rather sets those claims for a jury trial. Accordingly, Mr. Mencer is not entitled to an appeal as of right.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new

---

[2]The trial court subsequently continued the trial "until the appeal filed on August 24, 2011 to the Court of Appeals is dismissed, at which time a new trial date shall be set."

appeal be filed, the clerk of this court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. The costs of the appeal are taxed to Stephen W. Mencer for which execution may issue.


PER CURIAM